IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF ALISSA MARIE ALLEN, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-6273 (JBS-AMD) |
| v. | |
| CUMBERLAND COUNTY, A. GARCIA, RN, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Conrad J. Benedetto, Esq.
Danielle Marie Key, Esq.
John E. Kusturiss, Jr., Esq.
Kimmo Z. Hussain Abbasi, Esq.
LAW OFFICES OF CONRAD J. BENEDETTO
1814 East Route 70, Suite 350
Cherry Hill, NJ 08003
-and-
Melissa Yvette Hoffman, Esq.
LAW OFFICES OF CONRAD J. BENEDETTO
1405 Chews Landing Road, Suite 21
Laurel Springs, NJ 08021
    Attorneys for the Plaintiffs

Daniel Edward Rybeck, Esq.
WEIR & PARTNERS, LLP
215 Fries Mill Road, Second Floor
Turnersville, NJ 08012
-and-
Stephen D. Holtzman, Esq.
Jeffrey S. McClain, Esq.
HOLTZMAN & MCCLAIN, PC
524 Maple Avenue, Suite 200
Linwood, NJ 08221
    Attorneys for Defendant A. Garcia, RN

**SIMANDLE, District Judge:**

This matter comes before the Court on Defendant Amber Garcia, RN's motion for partial summary judgment. [Docket Item 42.] On August 18, 2015, Plaintiff Christine Allen, both as the administrator of the estate of Alissa Marie Allen and in her own right, filed a complaint in this Court against several defendants, alleging a variety of claims arising from the unfortunate death of Alissa Allen on March 22, 2015 in the Cumberland County Jail. [Docket Item 1.]

Defendant Amber Garcia, RN ("Garcia") argues that Plaintiff's professional negligence claims (including those which could have been brought based on Garcia's alleged professional negligence must be dismissed with prejudice (or, in the alternative, that Garcia be granted partial summary judgment as to those claims) for Plaintiff's failure to timely obtain and serve an Affidavit of Merit from a qualified affiant as required by N.J.S.A. 2A:53A-27 through -29, and that Plaintiff only be permitted to proceed as to Garcia with regard to their claims of violations of federal and state civil rights. [Docket Item 42 at 1-2.] Plaintiff argues in response that no such affidavit is required in this case. [Docket Item 47.]

The principal issue to be determined is whether New Jersey law requires an affidavit of merit to be filed by one pursuing a

claim of professional negligence of a nurse who allegedly conducted a deficient psychological examination of an arrestee, or whether the circumstances fall into the common knowledge exception to the affidavit of merit statute.

For the reasons discussed below, the Court finds that such an affidavit was required for this professional negligence claim against Nurse Garcia. Accordingly, the Court will grant the relief requested by Defendant Garcia and grant summary judgment to her with regard to Plaintiff's claims of professional negligence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of the death of Alissa Marie Allen on March 22, 2015 in the Cumberland County Jail. Her mother, as administrator of Ms. Allen's estate and in her own right, is the named plaintiff in this action.

On March 20, 2015, Ms. Allen was arrested by Millville, New Jersey police officers who transported her to and booked her into the Cumberland County Jail in the early morning hours of March 21, 2015. [Docket Item 14 at ¶¶ 14-15.] Plaintiff alleges that Garcia, among other jail personnel "were required to screen Ms. Allen not only for any physical problems, but also to determine if Ms. Allen presented a risk for any psychological

problems, including suicide[,]" and "had a legal duty to maintain a safe and suitable environment where Alissa Marie Allen could be kept free from injury, harm and death." [Id. at ¶¶ 16-17.]

On March 22, 2015, Ms. Allen "was discovered 'hanging' in her cell" at the jail; emergency medical personnel responded to a cardiac arrest complaint but, tragically, Ms. Allen was pronounced dead at the scene. Her death certificate identifies hanging as the immediate cause of death. [Id. at ¶¶ 18-21.]

Plaintiff alleges that Garcia, along with other Defendants, "failed to properly screen Alissa Marie Allen for any suicidal tendencies, or any other psychological problems, and also failed to properly monitor Alissa Marie Allen." [Id. at ¶ 22.]

Plaintiff's claims in the Amended Complaint filed on February 8, 2016 include common law claims for wrongful death (Count V) and a survival action (Count VI). [Id. at 11-13.]

On February 18, 2016, an Answer was filed on behalf of numerous Cumberland County defendants, which mistakenly included Garcia. [Docket Item 15.] On March 31, 2016, a stipulation by all parties consenting to the filing of an Amended Answer on behalf of moving defendant Garcia was filed [Docket Item 16] along with a copy the proposed Amended Answer [Docket Item 17]. The Court subsequently granted leave to file an Amended Answer

within 14 days on April 1, 2016. [Docket Item 18.] A

Substitution of Attorney with regard to Garcia was prepared and

signed by John C. Eastlack, Jr. as withdrawing attorney and

Stephen D. Holtzman as superseding attorney and was entered onto

the docket on April 27, 2016. [Docket Item 26.] On April 27,

2016, Garcia's Amended Answer was filed <u>nunc pro tunc</u> to April

1, 2016. [Docket Items 27, 30.]

Garcia's Amended Answer includes separate defenses for

failure to state a claim and failure to file an appropriate

Affidavit of Merit ("AOM") pursuant to N.J.S.A. 2A:53A-26, <u>et</u>

<u>seq.</u> [Docket Item 27 at 7, 8.]

Plaintiff did not obtain or serve an AOM on Defendant

Garcia on or before June 26, 2016 or before August 25, 2016.[1]


## II.  STANDARD OF REVIEW[2]

---

[1] Defendant asserted this fact in the Statement of Material Facts
in support of her Motion for Partial Summary Judgment. [Docket
Item 42-4 at ¶¶ 13-16.] Plaintiff failed to respond to
Defendant's Statement of Material Facts as required by L. Civ.
R. 56.1(a), including an admission or denial of this fact.
Plaintiff did submit her own supplemental Statement of Material
Facts, wherein she did not deny this fact. [Docket Item 47-1.]
Accordingly, the Court shall deem this assertion admitted and
therefore undisputed.
[2] The Court exercises jurisdiction over this action pursuant to
28 U.S.C. §§ 1331 & 1343(3) and pendent jurisdiction over
Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. Hunt v. Cromartie, 526 U.S. 541, 552 (1999); Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). Credibility determinations are not appropriate for the court to make at the summary judgment stage. Davis v. Portlines Transportes Maritime Internacional, 16 F.3d 532, 536 n.3 (3d Cir. 1994).

Under Nuveen Mun. Trust v. WithumSmith Brown, P.C., 692 F.3d 283, 303 n.13 (3d Cir. 2012), a failure to file a timely AOM is properly the subject of "a motion for summary judgment under Rule 56"; although "the AOM Statute directs courts to dismiss actions in which a timely affidavit has not been filed for 'failure to state claim,' because the affidavit is not a

pleading requirement, this language merely provides that the

consequences of not filing a timely affidavit are the same as

failing to state a claim[,]" especially because the court must

necessarily consider "matters outside the pleadings" when

considering the applicability of the AOM statute and timely

filing of the AOM.


**III. ANALYSIS**

Defendant Garcia argues that N.J.S.A. 2A:53A-26 through -29

("the AOM Statute" or "the Statute") applies to Plaintiff's

claims of professional negligence against her. [Docket Item 42-5

at 12.] Plaintiff alleges, in response, that an AOM "is not

required in the instant case, as common knowledge makes apparent

the merit of Plaintiff's negligence claims against" Garcia,

"without the need of expert testimony." [Docket Item 47 at 7.]

The AOM statute provides:

In any action for damages for personal injuries [or]
wrongful death . . . resulting from an alleged act of
malpractice or negligence by a licensed person in his
profession or occupation, the plaintiff shall, within
60 days following the date of filing of the answer to
the complaint by the defendant provide each defendant
with an affidavit of an appropriate licensed person
that there exists a reasonable probability that the
care, skill or knowledge exercised in the treatment,
practice or work that is the subject of the complaint,
fell outside acceptable professional or occupational
standards or treatment practices. The court may grant
no more than one additional period, not to exceed 60

>days, to file the affidavit pursuant to this section,
>upon a finding of good cause.

N.J.S.A. 2A:53A-27. New Jersey courts have held that the

"additional period" that may be applied for by a plaintiff to

extend the time period for filing the AOM renders a 120-day

deadline from the filing of the relevant answer (the original 60

day period, plus an additional sought-and-granted-for-good-cause

period not exceeding 60 days) an "end of the line . . . drop-

dead date," Douglass v. Obade, 359 N.J. Super. 159, 160 (App.

Div. 2003), or, in other words, "an outer time limit . . .

beyond which no extension could be granted," Familia v. Univ.

Hosp., 350 N.J. Super. 563, 569 (App. Div. 2002).

The Third Circuit has required the filing of an AOM in

appropriate cases within 120 days of the filing of the relevant

answer, Lee v. Thompson, 163 F. App'x 142, 144 (3d Cir. 2006)

(internal citations omitted), and has ruled that "the

consequences of a failure to file [an AOM] shall be the same as

those of a failure to state a claim[,]" Chamberlain v. Giampapa,

210 F.3d 154, 160 (3d Cir. 2000) (internal citations omitted).

However, as Plaintiff states in her Response, "compliance

with the [AOM] Statute is excused where 'common knowledge makes

apparent a claim's merit.'" [Docket Item 47 at 9, citing Kindig

v. Gooberman, 149 F. Supp. 2d 159, 163 (D.N.J. 2001).] AOMs are

"not required in common knowledge cases," Hubbard v. Reed, 168

N.J. 387, 396, where "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of specialized knowledge or experts." Estate of Chin by Chin v. St. Barnabas Med. Ctr., 160 N.J. 454, 469 (1999). "Only in the unusual medical malpractice case will the common knowledge doctrine be invoked." Id. at 469 (internal citations omitted). It "is appropriately invoked where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." Id. (internal citations omitted).

Common knowledge doctrine cases have included those: where a dentist caused a patient's death by administering anesthesia without asking about the patient's history of hypertension, Sanzari v. Rosenfeld, 34 N.J. 128 (1961); where a doctor failed to inform a patient about a needle left in the patient's body after a medical procedure, Tramutola v. Bortone, 118 N.J. Super 503, 512-13 (App. Div. 1972); where a doctor applied a caustic liquid in treating a patient after a rhinoplasty, thereby disfiguring her, Becker v. Eisenstodt, 60 N.J. Super. 240 (App. Div. 1960); where a dentist extracted the wrong tooth, Steinke v. Bell, 32 N.J. Super. 67, 70 (App. Div. 1954); where a pharmacist gave a customer a Prednisone (a steroid) instead of

the prescription of Primidone (an anti-seizure medication) that the customer had presented, <u>Bender v. Walgreen Eastern Co., Inc.</u>, 399 N.J. Super. 584 (App. Div. 2008); and where a medical instrument, incorrectly hooked up, introduced air into a patient's body and bloodstream, thereby causing a fatal air embolism, <u>Chin</u>, 160 N.J. at 471.

In <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d 575 (3d Cir. 2003), the court applied the common knowledge doctrine and excused the failure to file an AOM where an inmate at the Camden County Jail alleged medical malpractice when Prison Health Services at the Jail failed to administer insulin to him, a diabetic, during the first twenty-one hours of his incarceration, stating: "While laypersons are unlikely to know how often insulin-dependent diabetics need insulin, common sense – the judgment imparted by human experience – would tell a layperson that medical personnel charged with caring for an insulin-dependent diabetic should determine how often the diabetic needs insulin. No special expertise or expert testimony is needed to show, at the outset of a case, that the claim is not frivolous." <u>Id.</u> at 580.

In <u>Mora v. U.S. Dep't of Homeland Sec. Immigration and Customs Enforcement</u>, No. 11-3321, 2013 WL 5180041, at *1, *7 (D.N.J. Sept. 13, 2013), the court applied the common knowledge

doctrine where a person held in ICE custody complained that, after having been assaulted while in custody and sustaining "serious injuries throughout his entire body," 2013 WL 5180041 at *1, "he was never treated or given basic medical care for his injuries," finding relevant and analogous a precedent holding that "a physician's failure to diagnose a plaintiff's injuries . . . falls within the common knowledge exception." 2013 WL 5180041 at *7 (citing Bullock v. Ancora Psychiatric Hosp, No. 10-1412, 2011 WL 3651352, at *12 (D.N.J. Aug. 18, 2011)).

In Grimes v. Corr. Med. Servs., No. 08-567, 2010 WL 503031, at *4 (D.N.J. Feb. 8, 2010), the court ruled that a group of inmates' claims of medical malpractice against the jail's medical services provider fell "within thecommon knowledge exception" because each plaintiff alleged "that the defendants failed to provide them with their prescribed medication in a timely manner[,]" citing other precedents where courts found that the common knowledge exception applied where defendants failed to timely provide plaintiffs with their prescribed medicines, or failed to follow the medical instructions of the plaintiffs' treating specialists. See Jackson v. Fauver, 334 F. Supp. 2d 697, 743 (D.N.J. 2004); Bryan v. Shah, 351 F. Supp. 2d 295, 302 (D.N.J. 2005); and Lopez v.

<u>Corr. Med. Servs.</u>, No. 04-2155, 2006 WL 1722584, at \*4 (D.N.J. June 20, 2006).

However, as Defendant states in her reply [Docket Item 48], the above precedent does not support the contention that failure to evaluate <u>properly</u> Ms. Allen's psychiatric or psychological state upon her admission to Cumberland County Jail, as the Amended Complaint alleges Garcia did, is similarly analogous so as to fall under the common knowledge exception.

The only case which even arguably supports Plaintiff's contention that this situation should fall within the common knowledge doctrine, of which this Court is aware, is <u>Chin</u>. In <u>Chin</u>, the allegation was that a medical device was hooked up improperly: it introduced gas rather than liquid into a patient's body for the purposes of a diagnostic test. Although the introduction of liquid would have been safe, the introduction of gas in its place led to a fatal air embolism. 160 N.J. at 460. However, the Court finds <u>Chin</u> distinguishable on its facts because (1) the explanation of in what respect the hook-up of the instrument (a hysteroscope) was improper was apparent to the laypersons on the jury – it introduced gas rather than liquid, and (2) the nature of that impropriety was obviously and clearly connected to the harm suffered by the decedent.

In this case, the sole basis for the allegations of professional negligence against Garcia appears to be that she failed to evaluate Ms. Allen "properly" with respect to her mental health during Ms. Allen's intake into Cumberland County Jail, and that Ms. Allen (presumably) hanged herself between one and two days later. This is not the case where Garcia failed to evaluate Ms. Allen at all, or Garcia ignored mention of or reference to suicidal thoughts or ideation, or evaluated only Ms. Allen's physical status and not her mental health or well-being. Such a claim could, perhaps, fall under the common knowledge exception. But without an elucidation of what made Garcia's evaluation improper, and without clarity as to how that alleged breach of Garcia's duty led to the harm complained of, a jury of laypersons would not be able, "using ordinary understanding and experience, to determine [Garcia's] negligence without the benefit of specialized knowledge or experts." <u>Chin</u> at 469. An expert, of the type specified by the AOM Statute, is precisely what lay finders of fact would need: to describe the standard of nursing care applicable to the evaluation of Ms. Allen under these circumstances, and that there is a reasonable probability that Garcia breached that standard.

Because the Court finds that "jurors, using ordinary understanding and experience and without the assistance of an

expert" would not be able to determine whether Garcia was negligent, and because the "threshold of merit" called for by the AOM statute is not "readily apparent from a reading of the [P]laintiff's complaint[,]" <u>Hubbard</u> at 395, the Court will decline to apply the common knowledge.

Accordingly, the Court finds that Plaintiff failed to serve and file an AOM within 60 days (or 120 days) from the date of the filing of Garcia's answer, as she was required to do under New Jersey law; the Court will not excuse such failure. For that reason, summary judgment is granted to Garcia with respect to Plaintiff's claims based on Garcia's alleged professional negligence. Such claims shall be dismissed with prejudice.


**IV.   CONCLUSION**

For the reasons discussed herein, Defendant's motion will be granted. The accompanying Order will be entered.



**June 27, 2017**                    **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge