IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF ALISSA MARIE ALLEN, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-6273 (JBS-AMD) |
| v. | |
| CUMBERLAND COUNTY, A. GARCIA, RN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, District Judge:**

This matter comes before the Court by way of Plaintiff's Motion for Leave to File an Amended Complaint.[1] (See Pl.'s Mot. [Docket Item 129].) Plaintiff's present motion is opposed by Defendant Melanie Loatman, (see Def. Loatman's Opp'n [Docket Item 132]), Defendant Amber Garcia, RN, (see Def. Garcia's Opp'n [Docket Item 133]), and Defendants Cumberland County, Warden

---

[1] County Defendants have quibbled over the proper title of Plaintiff's proposed pleading. (See County Defs.' Opp'n [Docket Item 137], 2 n.2 ("Although they are on their fourth motion for leave to amend, Plaintiffs have only filed one Amended Complaint. Thus, although Document 131 is entitled "Fourth Amended Complaint," if approved, it actually would be Plaintiffs' Second Amended Complaint."); see also Pl.'s Reply [Docket Item 138], 5 on the docket.) As Plaintiff has previously filed documents on the docket entitled "Second Amended Complaint" and "Third Amended Complaint," though they were never operative pleadings in this case, for the sake of the clarity of this Opinion, the Court shall refer to the present proposed pleading as the "Fourth Amended Complaint."

Robert Balicki, Corrections Officer Richard Serano, Corrections Officer Michael Puglise, Corrections Officer D. Ortiz, Corrections Officer Michael Fowlkes, Corrections Officer Floyd, Corrections Officer Santos, and Corrections Officer Badge No. 120 (hereinafter, collectively, "County Defendants"). (See County Defs.' Opp'n [Docket Item 137].) Plaintiff filed a reply brief. (See Pl.'s Reply [Docket Item 138].) The Court has considered the parties' submissions and decides the pending motion [Docket Item 129] pursuant to Rule 78(b), Fed. R. Civ. P. For the reasons discussed below, Plaintiff's motion to file an amended complaint will be granted in part and denied in part. The Court finds as follows:

    1.   **Factual and Procedural Background**. The factual and procedural background of this case was thoroughly described in this Court's Opinion of March 13, 2018, Estate of Allen v. Cumberland Cnty., No. 15-6273, 2018 WL 1293154 (D.N.J. Mar. 13, 2018), and shall not be repeated herein, except as necessary for the determination of the present motion.

    2.   In the Court's prior Opinion and the accompanying Order, the Court denied two of Plaintiff's prior motions to amend the complaint and simultaneously "grant[ed] leave to Plaintiff to file a new motion for leave to amend, with a proposed Amended Complaint that addresses the deficiencies

2

noted" in the Court's prior Opinion. Id. at *12. In particular, the Court directed Plaintiff to correct certain deficiencies with Plaintiff's constitutional claims against Defendant Loatman. See id. at *10-14. Subsequently, Plaintiff timely filed the present motion.[2]

3. **Standard of Review.** Rule 15(a)(2) permits Plaintiff to amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," id., the decision to grant leave to amend a complaint rests within the sound discretion of the trial court. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile, meaning that the complaint, as amended, would fail to state a claim upon which relief could be granted. Travelers

---

[2] Defendant Garcia initially objected to an apparent administrative oversight in the preparation of a copy of the Fourth Amended Complaint that highlighted the alterations proposed by the present motion, pursuant to Local Civil Rule 15.1. (See Def. Garcia's Letter [Docket Item 130].) However, Plaintiff subsequently filed a corrected version of the document, (see Ex. A [Docket Item 138-1]), and no party has filed an objection to such. Therefore, the Court shall deem Plaintiff's motion to have been timely filed in its entirety.

3

Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

    4.  In assessing "futility," the court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6). Shane, 213 F.3d at 115. In other words, the amended complaint must be dismissed (or leave to amend ought not be granted) if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    5.  **Discussion.** Plaintiff's present motion seeks leave to file an amended complaint pursuant to the Court's prior Opinion, which identified certain deficiencies in Plaintiff's constitutional claims against Defendant Loatman. See Estate of

Allen, 2018 WL 1293154, at *10-14. In that Opinion, the Court stated that

> [i]n the context of an Eighth Amendment[3] claim regarding a prisoner's medical needs, "a failure to provide adequate care that was deliberate, and motivated by non-medical factors is actionable . . . , but inadequate care that was a result of an error in medical judgment is not." Parkell [v. Danberg], 833 F.3d [313,] 337 [(3d Cir. 2016)] (citing Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)) (internal quotations omitted).
>
> A constitutional claim based on a prison or its official's failure to prevent a detainee's suicide can be analyzed within this rubric. "[A] vulnerability to suicide claim . . . is simply a more specific articulation of the Eighth Amendment rule that prison officials must not be deliberately indifferent to a prisoner's serious medical needs[.]" Mullin v. Balicki, 875 F.3d 140, 158 (3d Cir. 2017) ("Mullin II"). However, "[w]e cannot infer from the prisoner's act of suicide itself that the prison officials have recklessly disregarded their obligation to take reasonable precautions to protect the safety of prisoners entrusted to their care."

---

[3] As the Court previously noted, "[t]he decedent in this case, as a pre-trial detainee, was not protected by the Eighth Amendment, under the prevailing view, because 'the most accepted view' holds that 'the amendment's proscription applies only after conviction.' Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1079 (3d Cir. 1976). Rather, her claim is properly grounded in the Due Process Clause of the Fourteenth Amendment. Id. at 1080. '[T]he Due Process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections available to a convicted prisoner."' Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987) (citing City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983)). See also Palakovic v. Wetzel, 854 F.3d 209, 222 (3d Cir. 2017). Accordingly, the Court analyzes her Due Process claim within the analytic framework provided by Eighth Amendment jurisprudence." Estate of Allen, 2018 WL 1293154, at *6 n.4.

5

> Freedman v. City of Allentown, Pa., 853 F.2d 1111, 1115 (3d Cir. 1988).

Id. at *7.

6. The Court went on to quote the Third Circuit's test, which requires a plaintiff to show:

> (1) that the [decedent] had a particular vulnerability to suicide, meaning that there was a 'strong likelihood, rather than a mere possibility,' that a suicide would be attempted; (2) that the prison official knew or should have known of the [decedent's] particular vulnerability; and (3) that the official acted with reckless or deliberate indifference, meaning something beyond mere negligence, to the [decedent's particular vulnerability.

Palakovic v. Wetzel, 854 F.3d 209, 223-24 (3d Cir. 2017) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 669 (3d Cir. 1988) ("Colburn I"); Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991) ("Colburn II"); Woloszyn v. Cty. of Lawrence, 396 F.3d 314, 319-20 (3d Cir. 2005)). The Court further acknowledged that "[t]his test 'rest[s] primarily upon the Supreme Court's decision in Estelle v. Gamble' holding that deliberate indifference to a serious medical need constitutes a violation of the Eighth Amendment and that a 'particular vulnerability to suicide represents a serious medical need.' Woloszyn, 396 F.3d at 319-20." Estate of Allen, 2018 WL 1293154, at *7.

7. The Court further elaborated upon what is required for a complaint to satisfy the Third Circuit's three-part test set

6

forth in Palakovic. See id. at *7-9. The Court concluded by noting that, with respect to vulnerability-to-suicide claims, the Third Circuit has stated that while prior factual scenarios

> "provide helpful guidance in determining whether a case meets the vulnerability to suicide standard, each case will present unique circumstances and should be considered on its own facts. A failure to track the precise contours of our prior caselaw should not, by itself, compel a conclusion that a plaintiff has failed to state a vulnerability to suicide claim."

Id. at *9 (quoting Palakovic, 854 F.3d at 231 (reversing district court's dismissal of complaint where allegations did not describe, e.g., scenario where "defendants should have known that the prisoner was a suicide risk and failed to take necessary and available precautions to protect the prisoner from self-inflicted wounds," as discussed in Freedman, 853 F.2d at 1115 (citing Colburn I, 838 F.2d at 674))).

8. With regard to the first prong, the Court's prior Opinion further held that Plaintiff's then-proposed amended pleading did "not plead Ms. Allen's particular vulnerability to suicide, beyond the allegation that she ultimately did commit suicide." Id. at *10. Further, the Court noted that Plaintiff's then-proposed pleading did "allege that [Ms. Allen] was undergoing opiate withdrawal, but this is not sufficient" to allege that she had a particular vulnerability to suicide. Id.

7

(citing Mullin v. Balicki, No. 11-247, 2016 WL 3021721, at *5 (D.N.J. May 25, 2016); Colburn II, 946 F.2d at 1026-27).

9. Plaintiff's current proposed pleading, the Fourth Amended Complaint, alleges that during Ms. Allen's time at the Cumberland County Jail "she was put on withdrawal protocol[,] including hydration." (Fourth Amended Complaint [Docket Item 129-1], ¶ 18.) The Fourth Amended Complaint also includes a new allegation that "[i]nmates on withdraw protocol, including hydration, are at a high risk for suicide." (Id. at ¶ 38.)

10. Defendant Loatman argues that the "Fourth Amended Complaint is still lacking in any facts from which" the Court could find that Ms. Allen had a particular vulnerability to suicide. (Def. Loatman's Opp'n [Docket Item 132], 6.) However, Defendant Loatman's opposition brief fails to address Plaintiff's new allegation contained in Paragraph 38 of the Fourth Amended Complaint, quoted supra.

11. Accepting Plaintiff's allegations in Paragraphs 18 and 38 of the Fourth Amended Complaint, quoted supra, as true, and viewing them in the light most favorable to the Plaintiff, the Court finds that Plaintiff has pled sufficient allegations to satisfy the first prong of the test laid out in Palakovic: that Ms. Allen "had a particular vulnerability to suicide." Palakovic, 854 F.3d at 223.

12. As to the second prong of the test, the Court found that the prior proposed pleading did not "adequately allege that Loatman 'should have known' of Ms. Allen's vulnerability," Estate of Allen, 2018 WL 1293154, at *10 (citing Palakovic, 854 F.3d at 222-23, 226, 230-31; Hopson v. Cheltenham Twp., No. 90-0587, 1990 WL 102883, at *9 (E.D. Pa. July 17, 1990)).

13. The Fourth Amended Complaint alleges that Ms. Allen's regular heroin usage and placement on withdrawal protocol was recorded in her chart, (see Fourth Amended Complaint [Docket Item 129-1], ¶¶ 16-18), that inmates on withdrawal protocol are at a high risk of attempting suicide, (see id. at ¶ 38), and that Defendant Loatman had the opportunity but failed to check the logbooks and failed to notice that Ms. Allen was placed on the withdrawal protocol. (See id. at ¶¶ 40-45.) Additionally, the Fourth Amended Complaint alleges that Defendant Loatman was previously employed as a nurse. (See id. at ¶ 22.)

14. Defendant Loatman argues that she "could not have known of the decedent's suicidal vulnerabilities because there is no evidence or allegations that the decedent ever had any suicidal vulnerabilities." (Def. Loatman's Opp'n [Docket Item 132], 8.) However, for the reasons set forth in Paragraph 11 of the present Memorandum Opinion, supra, the Court has found that the Fourth Amended Complaint pleads sufficient facts to show

that Ms. Allen "had a particular vulnerability to suicide." Therefore, accepting Plaintiff's allegations in Paragraphs 16-18, 22, 38, and 40-45 as true and viewing them in the light most favorable to the Plaintiff, the Court finds that Defendant Loatman should have known of Ms. Allen's particular vulnerability to suicide, thereby satisfying the second prong of the test laid out in Palakovic.

15. With respect to the third prong, the Court, in its prior Opinion, found that the Plaintiff's earlier proposed complaint sufficiently pled that Defendant Loatman "acted with reckless or deliberate indifference." Estate of Allen, 2018 WL 1293154, at *11. For the reasons set forth in the Court's prior Opinion, the Court finds that Plaintiff's Fourth Amended Complaint also sufficiently pleads this prong.

16. Defendant Garcia also opposes Plaintiff's present motion, in part because the Fourth Amended Complaint refers to Non-Party CFG as "Defendant CFG." (See Def. Garcia's Opp'n [Docket Item 133], 2; Fourth Amended Complaint [Docket Item 129-1], ¶ 82.) The Court previously denied Plaintiff leave to file an amended complaint with allegations against Non-Party CFG, on the basis that such claims against Non-Party CFG were time barred. Estate of Allen, 2018 WL 1293154, at *12-13. For the same reasons stated in the Court's prior Opinion, the Court

shall deny the present motion to amend, insofar as the Fourth Amended Complaint seeks to refer to Non-Party CFG as "Defendant CFG."

17. Additionally, County Defendants oppose Plaintiff's present motion by asserting that the motion was filed in bad faith, that it is in violation of the Court's prior Order granting leave to file a motion to amend the complaint by proposing new allegations against County Defendants,[4] and that Plaintiff's proposed new allegations include known falsehoods. (See County Defs.' Opp'n [Docket Item 137], 2-3.) Plaintiff responds that there is no evidence that the Fourth Amended Complaint has been proposed in bad faith, that all allegations contained within the Fourth Amended Complaint are made in support of allegations against Defendant Loatman and are supported by evidence, and that any impacts that the new allegations may have on other defendants are only minor and are similar to the allegations contained in the currently operative First Amended Complaint. (See Pl.'s Reply [Docket Item 138], 4-6.)

---

[4] Defendant Garcia also makes similar allegations in opposition to Plaintiff's motion, asserting that the Fourth Amended Complaint includes material beyond what was necessary to bolster Plaintiff's constitutional claims against Defendant Loatman. (See Def. Garcia's Opp'n [Docket Item 133], 2-3.)

18. The Court does not find bad faith in this filing by Plaintiff. The Court agrees with Plaintiff that any impact that the new allegations contained in the Fourth Amended Complaint may have on defendants other than Defendant Loatman are minor and will not cause prejudice.

19. Furthermore, with respect to claims that certain allegations contained in the Fourth Amended Complaint may not be supported by evidence currently on the record, these arguments are more appropriately addressed in the context of a motion for summary judgment than in the current context of a motion for leave to file an amended complaint. Therefore, the Court offers no opinion on these arguments at this time.

20. Accordingly, the Court will grant Plaintiff's motion to file the Fourth Amended Complaint, except insofar as the Fourth Amended Complaint refers to "Defendant CFG."

21. **Conclusion.** For the reasons set forth above, Plaintiff's motion to file an amended complaint will be granted in part and denied in part. Plaintiff shall cause a corrected version of the Fourth Amended Complaint to be filed within ten (10) days. An accompanying Order will be entered.

**December 19, 2018**         s/ Jerome B. Simandle
Date                          JEROME B. SIMANDLE
                              U.S. District Judge